UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHAEL COLLINS,                    )
                                    )
                    Plaintiff       )
                                    )
        vs.                         )        CAUSE NO. 2:10-CV-459 RM
                                    )
STANLEY NEALS, *et al.,*            )
                                    )
                    Defendant       )

OPINION and ORDER

Defendant Roadsafe Traffic Systems, Inc. filed a notice of removal asserting diversity jurisdiction under 28 U.S.C. § 1332. [Doc. No. 2]. The court has an obligation to inquire into its own subject matter jurisdiction in this case, Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008), and finds the notice insufficient.

The notice of removal states that "plaintiff is a Michigan resident;" defendant "Stanley Neals is an Illinois resident;" defendant "ABF Freight System, Inc. is a corporation with its principal place of business in Delaware;" defendant "Roadsafe is a corporation with its principal place of business in Illinois;" and defendant "Walsh Construction Company is a corporation with its principal place of business in Illinois." But jurisdiction depends on *citizenship* of each party at the time the case begins, Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996), and Roadsafe Traffic Systems hasn't sufficiently identified the citizenship of any of the parties. Residency isn't citizenship, Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), and "a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business." 28 U.S.C. § 1332(c).

The removal notice also is defective because it doesn't contain the consent or signature of all defendants or, in the alternative, an explanation as to the lack of joinder or consent. Shaw v. Dow Brands, Inc., 994 F.3d 364, 368 (7th Cir. 1993); *see also* McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998) ("Removal was improper, because only Bunn among the three defendants signed the notice."); Northern Illinois Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982) ("a petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants").

Although the case is subject to remand on these grounds, Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007), the court instead affords defendant Roadside Traffic Systems twenty days from the date of this order within which to file an amended notice of removal specifically identifying the parties' citizenship.

SO ORDERED.

ENTERED:   November 23, 2010

_____/s/ Robert L. Miller, Jr._____
Judge
United States District Court