UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MICHAEL COLLINS, | ) |
| --- | --- |
| Plaintiff | ) |
| v. | ) CASE NO. 2:10-CV-459RM |
| STANLEY NEALS, ABF FREIGHT SYSTEM, INC., ROADSAFE TRAFFIC SYSTEMS, INC., and WALSH CONSTRUCTION COMPANY, | ) |
| Defendants | ) |

OPINION and ORDER

Michael Collins sued several defendants seeking damages for injuries he sustained as a result of a vehicular collision. Defendant Walsh Construction Company's motion for summary judgment and motion for sanctions under FED. R. CIV. P. 11. currently pend before the court. For the reasons that follow, the court grants both motions.

FACTS

On September 25, 2008, plaintiff Michael Collins was involved in a vehicular accident at or near a road construction site on Interstate 80 in Lake Station, Indiana. Mr. Collins sued the other driver, Stanley Neals, ABF Freight System, Inc. (Mr. Neals' employer), Roadsafe Traffic Systems, Inc., and Walsh Construction Company to recover damages for injuries he sustained as a result of the accident.

Mr. Collins alleges that Walsh Construction was the general contractor for the construction project; that it owed him a duty to maintain the site in a safe

manner, to warn of any hazardous and/or defective conditions, to take appropriate steps to remove any hazardous and/or defective conditions, and to hire contractors who would perform those duties in a "non-negligent manner"; that it breached those duties; and that he suffered physical injuries, emotional trauma, loss of life's enjoyments, lost wages and a loss of future earning capacity as a direct and proximate result of that breach by Walsh Construction. Walsh Construction denied the allegations in its answer, notified Mr. Collins' attorney, Steven Etzler, on December 10, 2010 that it wasn't involved in any work in the area in September 2008 and that Superior Construction was performing that phase of the construction project, provided counsel with an affidavit to that effect, and demanded dismissal from the lawsuit. Walsh Construction reiterated its request by letter dated December 21, 2010, and advised Mr. Etzler that it would seek attorney's fees "based on plaintiff's continued pursuit of frivolous, groundless and unreasonable litigation," if Mr. Collins didn't dismiss Walsh Construction by January 4, 2011.

In a follow-up December 27 email, Walsh Construction provided Mr. Etzler with materials from the Indiana Department of Transportation's website that showed that three contracts were awarded to rebuild the interchange of the Borman Expressway (I-80/94) and I-65: the first was awarded to Walsh Construction in 2007, but didn't relate to the area where the accident occurred, the second was awarded to Superior Construction/E&B Paving of Gary in 2008 and was in the area of the accident, and construction under the third, awarded

2

to Walsh Construction, didn't begin until 2009, after the collision. When Mr. Collins took no action to dismiss Walsh Construction or amend his complaint, Walsh Construction moved for summary judgment with supporting affidavits, and moved for sanctions under FED. R. CIV. P. 11(b)(3). Mr. Collins responded to the sanctions motion but not to the summary judgment motion.

SUMMARY JUDGMENT MOTION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once a summary judgment motion is made and properly supported, the opposing party must show that a genuine issue of fact remains for trial by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the moving party] do not establish the absence...of a genuine dispute....

FED. R. CIV. P. 56(c)(1)(2010); N.D. IND. L.R. 56.1(a). A motion for summary judgment is the "'put up or shut up' moment in a lawsuit," and "requires the responding party to come forward with the evidence that it has." Eberts v. Goderstad, 569 F.3d 757, 767 (7th Cir. 2009) (quoting Koszola v. Bd. of Educ. of the City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004). If the movant doesn't do so, the court may "consider the fact undisputed for purposes of the motion," and "grant summary judgment if the motion and supporting materials–including the

3

facts considered undisputed– show that the movant is entitled to it."[1] FED R. CIV. P. 56(e); *see also* N.D. IND. L.R. 56.1(b); Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003); Flynn v. Sandahl, 58 F.3d 283, 288 (7th Cir. 1995) (failure to respond "constitutes an admission...that there are no disputed issues of genuine fact warranting a trial").

Walsh Construction contends that is wasn't responsible for or performing any construction work at the accident scene in September 2008, and so owed no duty to Mr. Collins, as evidenced by the affidavit of Walsh Construction senior project manager Marc Arena, and the Indiana Officer's Standard Crash Report prepared by the investigating officer at the scene, Indiana State Police Officer Brian McCall.

In his affidavit, Mr. Arena attests that as a senior project manager for Walsh Construction he was familiar with the work Walsh was performing on I-80 in September 2008; that Walsh Construction wasn't responsible for or performing any construction work in the vicinity of I-80 East at the 12.4 mile marker (the scene of the accident) on September 25, 2008; and that Superior Construction was performing the construction work at that location.

---

[1] The court may give the opposing party an opportunity to properly support or address another party's assertion of fact, if it shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its position. FED. R. CIV. P. 56(d) and (e)(1). Mr. Collins hasn't asked the court to defer ruling on the motion for summary judgment, or requested additional time to obtain affidavits or declarations or to take discovery.

Walsh Construction also submitted a copy of the crash report prepared by Officer McCall, and Officer McCall's affidavit attesting to the truth of the matters contained in the report. The crash report indicates that Mr. Collins was traveling eastbound in the left lane on I-80 at mile marker 12.4, when his lane ended due to construction, that Mr. Neals was eastbound in the center lane, and that Mr. Collins collided with Mr. Neals's vehicle when Mr. Collins tried to change lanes. Officer McCall concluded that Mr. Collins's improper lane usage was the accident's primary cause.

Mr. Etzler received electronic notice of Walsh Construction's motion for summary judgment and related motion for sanctions on April 26, 2011. Under Local Rule 56.1, the plaintiff had 28 days from the date of service to file his response to the summary judgment motion and any affidavits or other documentary material controverting the movant's position. While Mr. Etzler responded to the motion for sanctions, contending that he reasonably believed Walsh Construction was responsible for the work at the scene of the accident at the time the complaint was filed, he didn't file a response to the summary judgment motion, offer any evidence to controvert Walsh Construction's position, or seek an extension of time within which to do so. The court accordingly deems the facts asserted by Walsh Construction, and supported by the affidavits of Mr. Arena and Officer McCall, to be undisputed for purposes of the summary judgment motion, and concludes that, based on that record, Walsh Construction

is entitled to judgment as a matter of law. FED R. CIV. P. 56(e); N.D. IND. L.R. 56.1(b).

MOTION FOR SANCTIONS

Walsh Construction seeks reasonable attorney's fees and costs incurred in seeking summary judgment as a sanction under FED. R. CIV. P. 11(c), for the violation of Rule 11(b)(3) and Mr. Collins's failure to dismiss the claim against Walsh Construction when presented with uncontroverted evidence that Walsh Construction wasn't the general contractor at the scene of the accident and owed Mr. Collins no duty.

Rule 11(b) requires an attorney presenting a pleading to the court to certify that:

> to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…(3) the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

In deciding whether a party's inquiry into the factual bases of its claim was reasonable, the court considers factors including:

> whether the signer of the documents had sufficient time for investigation; the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion or other paper; whether the case was accepted from another attorney; the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and whether discovery would have been beneficial to the development of the underlying facts.

Divane v. Krull Elec. Co., Inc., 200 F.3d 1020, 1028 (7th Cir. 1999) (quoting Brown v. Federation of State Medical Bds. of the United States, 830 F.2d 1429, 1435 (7th Cir. 1987)).

Plaintiff's counsel maintains that he made reasonable inquiry into the identity of the general contractor at the construction site before filing the complaint, that the claim against Walsh Construction was "based upon factual contentions that had evidentiary support at the time the claims were asserted," and that he was justified in not dismissing Walsh "because of a valid and sufficient factual basis that Walsh was the general contractor responsible for the construction site." But he doesn't identify what the factual basis was or what evidence supported those facts.

Mr. Etzler submitted an affidavit in opposition to the motion for sanctions in which he attests that he hired a private investigator to establish the identity of the general contractor at the construction site; that "[u]pon reasonable investigation and with information obtained from trusted sources, the private investigator provided information that indicated Walsh Construction Company was the general contractor;" that he asked the investigator "to verify the accuracy of the evidence with his sources" after receiving evidence in December 2010 indicating that Walsh Construction wasn't the general contractor; that the investigator provided "information" on January 7, 2011, indicating that Walsh Construction was responsible for a contract near the area in question; and that, "despite numerous follow ups," the investigator "had not been able to verify the

7

accuracy of the evidence" as of April 26, 2011 (the filing of the motion for summary judgment). Mr. Etzler doesn't identify the private investigator, the "trusted sources," the information those sources provided, or provide any factual basis or evidentiary support for his assertion that Walsh Construction was responsible for the construction site at the scene of the accident.

When the claim's lack of factual foundation became apparent, Walsh Construction asked that it be dismissed, and notified Mr. Collins that it intended to seek sanctions if it was not. Mr. Etzler didn't respond, identify the factual basis of the claim against Walsh Construction, ask for additional time to investigate, seek discovery, withdraw the claim, or amend the complaint. To obtain the relief to which it was entitled, Walsh Construction had to incur the cost of filing a motion for summary judgment — a motion Mr. Collins made no attempt to oppose.

The court can't find a reasonable factual basis for the claim against Walsh Construction on the basis of the record before it, and can't agree with Mr. Etzler's conclusory assertion that his inquiry was reasonable or that his failure to withdraw or amend the motion was justified. Under the circumstances, an award of attorney's fees and costs incurred by Walsh Construction in seeking summary judgment is an appropriate sanction for Mr. Etzler's violation of Rule 11(b)(3) and failure to dismiss the claim against Walsh Construction. FED. R. CIV. P. 11(c)(4); *see also* <u>Divane v. Krull Elec. Co., Inc.</u>, 200 F.3d at 1028-30 (affirming the imposition of reasonable attorneys' fees as a sanction for failing to correct or

withdraw a counterclaim that had no factual bases); <u>City of Yonkers v. Otis Elevator Company</u>, 106 F.R.D. 524, (S.D.N.Y. 1985)(imposing sanctions where there was no factual basis for claim and plaintiffs unjustifiably refused to dismiss).

CONCLUSIONS

For the foregoing reasons, Walsh Construction Company's motion for summary judgment [Doc. No. 27] and its motion for sanctions [Doc. No. 29] are GRANTED. Walsh Construction shall have 14 days from the date of this order to file its affidavit of fees and costs incurred in seeking summary judgment. Any objections thereto shall be filed within 7 days after service of the fee request and supporting documentation.

SO ORDERED.

ENTERED:   August 1, 2011


/s/ Robert L. Miller, Jr.
Judge
United States District Court